IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI‘I

LEONARD G. HOROWITZ, and SHERRI KANE,

Plaintiffs,

vs.

PAUL J. SULLA, JR. *et al.*,

Defendants.

CV. NO. 16-00433 DKW-KSC

U.S. Bankruptcy Case No. 16-00239
Adversary Proceeding No. 16-90015

**ORDER DENYING MOTION TO WITHDRAW THE REFERENCE**

**ORDER DENYING MOTION TO WITHDRAW THE REFERENCE**

**INTRODUCTION**

Plaintiffs Leonard G. Horowitz and Sherri Kane, proceeding pro se, seek withdrawal of the reference of Adversary Proceeding No. 16-90015. It is difficult, if not impossible, to discern any cognizable claims within Plaintiffs' Motion to Withdraw the Reference and underlying bankruptcy filings, and any mention of possible causes of action lack plausible, supporting factual allegations. Because the Motion to Withdraw the Reference is untimely and fails to establish that

Plaintiffs are entitled to mandatory or permissive withdrawal under 28 U.S.C. § 157(d), the Motion is denied.

## BACKGROUND

Horowitz is the debtor in the underlying Chapter 13 bankruptcy proceeding. Horowitz and Kane are Plaintiffs in the bankruptcy adversary proceeding that is the target of the instant Motion, Adv. Pro. No. 16-90015, as well as in numerous other federal and state cases involving several of the same parties.[1] In the adversary proceeding, Plaintiffs seek monetary and injunctive relief regarding real property located in the State of Hawaii. Several Defendants[2] moved in bankruptcy court for dismissal of the adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and alternatively asked the bankruptcy court to abstain pursuant to 28 U.S.C.§ 1334(c). The bankruptcy court granted the motion to dismiss in a July 8, 2016 order, concluding that discretionary abstention was proper

---

[1]*See*, *e.g.*, *Horowitz v. Sulla*, Civ. No. 15-00186 JMS-BMK; *Horowitz v. Sulla*, Civ. No. 13-00500 HG-BMK; *Hester v. Horowitz*, Civ. No. 05-1-0196, on appeal as Case No. CAAP-16-0000162; and Civ. No. 14-1-304, on appeal as Case No. CAAP-16-000163; *Sulla v. Horowitz,* Civ. No. 12-1-0417.

[2]Moving defendants were Paul J. Sulla Jr., individually; Paul J. Sulla Jr., Attorney at Law a Law Corporation; Jason Hester; The Office of the Overseer, A Corporate Sole and its Successor, Over and For the Popular Assembly of Revitalize, A Gospel of Believers; and Stephen D. Whittaker. The claims against defendant Stewart Title Guaranty Company were not addressed in the motion to dismiss and corresponding orders. On June 23, 2016, defendant Stewart Title Guaranty Company filed a Motion to Dismiss Plaintiffs' adversary proceeding, which is pending in the bankruptcy court. *See* Bankr. Dkt. No. 94 (Stewart Title Guaranty Motion).

because Plaintiffs sought to overturn final judgments of Hawaii state courts. *See* Motion Ex. 8 at 6, 18-19 (7/8/16 Order; Bankr. Dkt. No. 104).

In those state court proceedings, identified by Plaintiffs as Civ. No. 05-1-0196 (foreclosure) and Civ. No. 14-1-0304 (ejectment), the state courts approved Defendant Jason Hester's nonjudicial mortgage foreclosure of the property at issue in this adversary proceeding and issued a writ of ejectment against Plaintiffs. As noted in the bankruptcy court's Memorandum of Decision on Plaintiffs' Motion for Reconsideration of the bankruptcy court's dismissal of the adversary proceeding:

> although the plaintiffs think there was a gross miscarriage of justice in the state court, I am not convinced. I see no reason for a federal court to intervene in a case where the state trial court has entered judgments after many years of extensive and hard-fought litigation. I remain convinced that this case belongs in the state appellate courts, rather than in this court.

Motion Ex. 1 at 4 (7/26/16 Order; Bankr. Dkt. No. 115).

After the bankruptcy judge denied their motion for reconsideration, Plaintiffs filed the instant Motion seeking withdrawal of the reference.

## STANDARD OF REVIEW

In general, district courts have original and exclusive jurisdiction over all bankruptcy matters, 28 U.S.C. § 1334, and may refer all bankruptcy matters to a bankruptcy court. 28 U.S.C. § 157(a). Pursuant to Local Rule 1070.1(a), "all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or

related to a case under Title 11 are referred to the bankruptcy judges of this district." A party who believes that a proceeding pending in the Bankruptcy Court should instead be litigated before the district court may move for mandatory or permissive withdrawal of that reference pursuant to 28 U.S.C. § 157(d). Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Motions to withdraw a reference are heard by the district court. Fed. R. Bankr. 5011(a). "The party moving for withdrawal of the reference has the burden of persuasion." *Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.*, 355 B.R. 214, 218 (D. Haw. 2006); *Field v. Levin*, 2011 WL 3477101, at *2 (D. Haw. Aug. 8, 2011).

**DISCUSSION**

Plaintiffs seek withdrawal of the reference "pursuant to 28 U.S.C. § 157(d); 42 U.S.C. §§ 1981 and 1983, following service of the bankruptcy [] Court's filing of MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION[.]" Motion at 2. Plaintiffs contend that withdrawal of the reference is required due to –

> (a) conflicting final judgments in State cases 0196 and [0304] arguably violating res judicata doctrine and the Plaintiffs' civil rights; and (b) wrongful conversion of said commercial property (hereafter, "Property") but for acts of Defendants detailed below and "presumptively correct" albeit prejudicial and erroneous "discretionary abstention" precluding the Plaintiffs from obtaining injunctive relief in this Court.

Motion at 2. Plaintiffs demand "mandatory or permissive removal for trial by jury and adjudication on the merits." Motion at 5.

## I. The Motion To Withdraw The Reference Will Not Be Construed As A Notice Of Appeal Of A Bankruptcy Matter

As a preliminary matter, the Court notes that Plaintiffs initially sought "removal" of the adversary proceeding to federal district court,[3] but were informed by the bankruptcy judge that the appropriate procedure was withdrawal of the reference pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a). *See* Motion Ex. 1 at 1-2 n.1 (7/26/16 Order; Bankr. Dkt. No. 115).

Rather than a withdrawal of the reference, however, Plaintiffs appear to be seeking what amounts to an appeal of the bankruptcy judge's denial of their motion for reconsideration of the dismissal of their adversary proceeding.[4] Plaintiffs

---

[3]*See* Plaintiffs' Notice of Removal, Ex. 9 to Motion for Reconsideration or in the Alternative Removal of Pending Claims (Bankr. Dkt. No. 108).

[4]Plaintiffs are plainly dissatisfied with the prior rulings against them and apparently seek a better outcome in this venue. The Court takes particular note of the bankruptcy judge's finding that: "The Debtor and Ms. Kane are clearly engaged in forum shopping. The state court and the district

attempted to add additional federal statutory claims to their adversary proceeding – claims which the bankruptcy judge found were not properly asserted – after the bankruptcy judge granted the motion to dismiss the adversary proceeding. Notwithstanding these additional claims, the bankruptcy judge reaffirmed his prior decision to discretionarily abstain from ruling on Plaintiffs' claims pending before the state trial and appellate courts. *See* Motion Ex. 1 at 2 (7/26/16 Order; Bankr. Dkt. No. 115).

The instant Motion states, "Plaintiffs filed this Motion timely with specific objections to the bankruptcy court's express 'findings' in this Adversary Proceeding – alleged errors upon which discretionary abstention has been administered as a 'conclusion of law' to be reviewed de novo." Motion at 3. Their "specific objections," however, are not grounds to withdraw the reference or for de novo review by this Court. *See* 28 U.S.C. § 157(d).[5] To the extent Plaintiffs seek an end run around the dismissal of their adversary proceeding by withdrawal of the reference, the Court will not countenance such machinations.[6]

---

court have ruled against them. They have more or less admitted that they came to this court hoping for a better outcome." 7/8/16 Order at 18 (Bankr. Dkt. No. 104).

[5]"In ruling on a withdrawal motion, the district court should be presented with a case or proceeding as it is, not as it has been stylized through deficient pleadings." *In re Lion Capital Grp.*, 44 B.R. 690, 694 (Bankr. S.D.N.Y. 1984).

[6]There are rules and procedures in place to seek such relief. *See generally* 28 U.S.C. § 158 and Fed. R. Bankr. P. 8001; *see also In re Mankin*, 823 F.2d 1296, 1305 (9th Cir.1987) ("The decision

The Court next turns to the Section 157(d) analysis of the Motion.

**II. <u>The Motion Is Not Timely</u>**

"The 'threshold question' in evaluating a motion to withdraw the reference under 28 U.S.C. § 157(d) is whether the motion was made in a timely manner." *In re GTS 900 F, LLC*, 2010 WL 4878839, at *2 (C.D. Cal. Nov. 23, 2010) (citing *In re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill. 1993)). A court may consider a motion for withdrawal of the reference only if it is timely. *See* 28 U.S.C. § 157(d); *In re Molina*, 2010 WL 3516107, at *2 (N.D. Cal. Sept. 8, 2010). "A motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997). Courts have found a motion to withdraw the reference untimely when a "significant amount of time has passed since the moving party had notice of the grounds for withdrawing the reference or where the withdrawal would have an adverse effect on judicial economy." *Hupp v. Educ. Credit Mgt. Corp.*, 2007 WL 2703151, at *3 (S.D. Cal. Sept. 13, 2007) (citation omitted).

---

of the bankruptcy judge is reviewable by an Article III judge only by an appeal governed by the same rules applicable to appeals taken to the courts of appeals from the district courts.") (citing 28 U.S.C. §§ 157(b)(1), 158(a), (c)).

Plaintiffs' Motion is untimely. Plaintiffs filed their Verified Complaint for Injunctive Relief, Declaratory Judgment, and Damages in Core Adversary Proceeding ("Complaint") on March 9, 2016. *See* Bankr. Dkt. No. 2. The Complaint asserted that this was a core proceeding, alleged violations of federal and state law arising from the prior federal and state court litigation between the parties,[7] and included a jury demand. Therefore, the first opportunity Plaintiffs had to seek withdrawal was March 9, 2016, when Plaintiffs were obviously aware of their own federal and state law claims that are the basis for this Motion. Nor are the purported additional claims that Plaintiffs sought to belatedly add following dismissal of the adversary proceeding different in scope or tenor – they are merely more of the same. *See Mahlmann*, 149 B.R. at 870 (finding that a one month delay made the motion to withdraw reference untimely because the moving party was fully aware of the basis

---

[7]Under the section entitled "Claims and Remedies," Plaintiffs seek, *inter alia,* the following:

> To determine the remaining claims or causes of action removed from the State court in Civ. No. 14-1-0304, also pending in administratively stayed federal case CV 15-00186 JMS-BMK, including reconsideration of the claim for Deprivation of Rights under Color of Law pursuant to 42 U.S.C. § 1983, and Judge Seabright's 9/11/15 ruling; in addition to a 42 U.S.C. § 1985 claim against Whittaker going to court under disguise as Hester's attorney, and bringing to court an imposter represented as Hester, when Whittaker, Hester and the imposter actually represented Sulla's interests, and was paid by Sulla to administer a conspiracy to steal the Plaintiffs' Property, deprive the Plaintiffs of due process, and preclude recovery of damages by the Plaintiffs.

Complaint at 28 (Bankr. Dkt. No. 2).

for withdrawal at the time the movant initiated an adversary action); *Hupp*, 2007 WL 2703151, at *3 (A motion filed seven months after movant had "first brought the [grounds for withdrawal] to the Bankruptcy Court's attention" was untimely.); *In re Miles*, 2010 WL 3719174, at *2 (N.D. Cal. Sept. 17, 2010) (denying motion to withdraw reference because movant "was well aware of each of the purported grounds for the withdrawal well before she [untimely] filed ..."); *Laine v. Gross*, 128 B.R. 588, 589 (D. Me. 1991) (finding a motion to withdraw the reference untimely when filed six months after complaint). The Court's untimeliness finding is supported by the specific factual circumstances of the case and the developments in the bankruptcy proceeding. Instead of filing a motion to withdraw the reference as promptly as possible, Plaintiffs waited nearly five months after filing their Complaint and jury demand on March 9, 2016 – and then only after the bankruptcy judge granted a motion to dismiss the adversary proceeding – before they filed the instant Motion on August 5, 2016.

Further, Plaintiffs "point to no substantive grounds to warrant delay to seek bankruptcy withdrawal[.]" *Stratton v. Vita Bella Grp. Homes, Inc.*, 2007 WL 1531860, at *2 (E.D. Cal. May 25, 2007). Granting Plaintiffs' Motion at this juncture, after several months of proceedings have already taken place –including several rulings on non-dispositive and dispositive motions in bankruptcy court – will

have an adverse effect on judicial economy and the administration of justice. *See Miles*, 2010 WL 3719174, at *2. Accordingly, the Court cannot and will not withdraw the reference pursuant to 28 U.S.C. § 157(d). Doing so would have a negative impact on the "bankruptcy administration by needlessly disrupting the bankruptcy court's seamless processing of the case [and] effectively derail[] the bankruptcy process provided by statute." *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (citation omitted).

## III. Withdrawal Of The Reference Is Not Mandatory

Even had they timely filed, Plaintiffs do not identify any non-bankruptcy statute requiring this Court's expertise and thus mandatory withdrawal. Plaintiffs contend that withdrawal of the reference is required due to "conflicting final judgments in State cases 0196 and [0304] arguably violating res judicata doctrine and the Plaintiffs' civil rights" under Section 1981 and 1983, Motion at 2, and "RICO, and FDCPA claims, not just state law claims." *Id.* at 4. The Court finds that these virtually non-sensical allegations do not establish the requirements for mandatory withdrawal of the reference.

The Bankruptcy Code requires a district court to withdraw the reference only when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States." 28 U.S .C. 157(d). Although Plaintiffs point to federal

claims purportedly alleged in their adversary Complaint, *i.e.*, civil rights statutes, RICO, and FDCPA claims, the bankruptcy court has already addressed those claims:

> this adversary proceeding is noncore. A state court action encompassing virtually all, if not all, of the claims alleged in the adversary complaint has already commenced. The state court could timely adjudicate those claims; indeed, the state court has already adjudicated them. The state court has jurisdiction to decide those claims. . . . The complaint alleges federal civil rights, RICO, and FDCPA claims, not just state law claims. A federal district court could have jurisdiction over those claims by virtue of its federal question jurisdiction, and could also have supplementary jurisdiction of the state law claims.
>
> . . .
>
> The applicable law is not over-complicated or novel.
>
> . . .
>
> The federal district court would have "federal question" jurisdiction of the civil rights, FDCPA, and RICO claims. But the district court has already chosen to stay the USDC case [Civ. No. 15-00186 JMS-BMK], effectively declining to exercise that jurisdiction.

7/8/16 Order at 9-12 (Bankr. Dkt. No. 104).

As noted by the bankruptcy court, Plaintiffs' claims are neither complicated nor novel. Although the claims themselves are verbose and difficult to decipher, the applicable federal law is well-established and susceptible to a straightforward application. Plaintiffs have not identified any portions of the civil rights laws, civil RICO or FDCPA which will require substantial and material consideration. *See*

*Hawaiian Airlines, Inc.*, 355 B.R. at 223 (citing *In re Hvide Marine Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000)) (denying withdrawal of reference under mandatory provision where alleged unlawful monopolistic activities appear to be susceptible to a straightforward application of well-settled non-bankruptcy federal law); *id.* ("[W]ithdrawal is mandatory only if the Bankruptcy Court is required to interpret an uncertain legal standard, as opposed to applying fixed legal standards to a given set of facts.") (quoting *Dow Jones/Group W Television v. NBC, Inc.*, 127 B.R. 3, 4 (S.D.N.Y. 1991)); *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 214 (C.D. Cal. 2014) ("The mandatory withdrawal provision should be construed narrowly so as to avoid creating an 'escape hatch' by which bankruptcy matters could easily be removed to the district court. Thus, the consideration of non-bankruptcy federal law must entail more than 'routine application' to warrant mandatory withdrawal.") (citations omitted). Plaintiffs present no novel issues of law likely to arise in the adversary proceeding.

Moreover, a district court addressing the question of withdrawing the reference may consider the likelihood that the bankruptcy court will actually have to resolve the federal issues and decline to withdraw the reference if such a resolution is speculative. *See Sibarium v. NCNB Texas Nat. Bank*, 107 B.R. 108, 111 (N.D. Tex. 1989); *In re Adelphi Institute*, 112 B.R. 534, 537 (S.D.N.Y. 1990). Here, the

bankruptcy court has determined that it will not resolve the federal issues – the bankruptcy judge granted moving Defendants' motion to dismiss on abstention grounds and denied Plaintiffs' motion for reconsideration.

Withdrawal is not mandatory in this case.

## IV. The Court Declines To Exercise Permissive Jurisdiction

Permissive withdrawal is a discretionary action that requires a showing of cause. *See* 28 U.S.C. § 157(d) (stating that the district court "may" withdraw a proceeding "for cause shown"). In the Ninth Circuit, permissive withdrawal is only allowed "in a limited number of circumstances" and for "good cause shown." *Hawaiian Airlines*, 355 B.R. at 223.

In determining whether cause exists, the Court may consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Vacation Vill., Inc. v. Clark Cnty., Nev.*, 497 F.3d 902, 914 (9th Cir. 2007) (citation omitted). Even where there is a Seventh Amendment right to a jury trial in the district court, the bankruptcy court may retain jurisdiction over the case for pretrial matters. *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).

Even if other factors were to weigh in favor of permissive withdrawal – which they do not – the Court would still deny Plaintiffs' Motion based on the need to

prevent forum shopping. *Molina*, 2010 WL 3516107, at *3. The discretion to withdraw a reference to the bankruptcy court should be employed "judiciously in order to prevent [withdrawal] from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court." *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992) (citation omitted). Forum shopping is likely where a party moves to withdraw the reference after adverse findings have been made against it by the bankruptcy court. *See In re New Your Trap Rock Corp.*, 158 B.R. 574, 577 (S.D.N.Y. 1993). Such is the case here.[8] Plaintiffs are forum shopping and such tactics will not be rewarded by this Court.

The Court finds that judicial economy, uniformity in bankruptcy administration, and reducing forum shopping all weigh in favor of denying the Motion. Because Plaintiffs fail to make a showing of good cause, the request for permissive withdrawal is denied.

[8]Indeed, the bankruptcy judge already made such a finding. *See* 7/8/16 Order at 18 (Bankr. Dkt. No. 104) ("The Debtor and Ms. Kane are clearly engaged in forum shopping.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Withdraw the Reference is DENIED. The Clerk's Office is directed to close the case.

IT IS SO ORDERED.

DATED: September 30, 2016 at Honolulu, Hawai'i.




Derrick K. Watson
United States District Judge

---

Horowitz, et al. v. Sulla, et al.; CV. NO. 16-00433 DKW-KSC; **ORDER DENYING MOTION TO WITHDRAW THE REFERENCE**